UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLEN OLDCROFT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:12CV2238 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. It is apparent from the face of the motion that movant is not entitled to relief. As a result, the Court will dismiss this action under Rule 4 of the Rules Governing § 2255 Proceedings.

On November 3, 2010, movant pled guilty to distribution of cocaine. On March 8, 2011, the Court sentenced movant to a prison term of 80 months, to be run concurrently to a state sentence. Movant did not appeal. Movant states that when he was admitted to the BOP, he was not given credit for time served in pretrial detention. Movant mailed the instant motion to the Court on November 26, 2012.

Movant wants the Court to reduce his sentence by eleven months, to make up for the eleven months he spent in pretrial detention that the BOP did not give him credit for.

Under § 2255, a prisoner may attack his sentence on the basis that it is (1) unconstitutional, (2) in violation of the laws of the United States, (3) the court lacked jurisdiction to imposed the sentence, (4) the sentence was in excess of the maximum authorized by law, or (5) otherwise subject to collateral attack. The ground raised by movant does not fall under any of these categories. As a result, movant's requested relief is not cognizable in § 2255 proceedings.

Furthermore, movant has failed to make a substantial showing of a denial of a constitutional right, and the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 11th day of December, 2012.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE